**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00220 JLT SAB |
| Plaintiff, | ORDER DENYING MOTION TO REDUCE SENTENCE |
| v. | (Doc. 120) |
| RUBEN GONZALO DURAN SANCHEZ, | |
| Defendant. | |

Ruben Gonzalo Duran Sanchez moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 120.) The motion is **DENIED**. Sanchez has not demonstrated that "extraordinary and compelling reasons warrant . . . a reduction" under § 3582(c)(1)(A) and the Sentencing Commission's relevant policy statements. 18 U.S.C. § 3582(c)(1)(A)(i).

**BACKGROUND**

Sanchez was charged with offenses related to the possession and distribution of methamphetamine. (*See* Doc. 15.) He ultimately agreed to plead guilty to the first count in the indictment. (Doc. 34 at 2.) He admitted that in September 2018, he "conspired with others to posses with the intent to distribute and to distribute" multiple kilograms of methamphetamine. (*Id.* at 12.) The Court imposed a prison sentence of 263 months, followed by a 60-month term of supervised release. (Doc. 55.)

In May 2025, Sanchez filed a pro se motion to reduce his sentence to time served. (Doc.

1

120.)  The court appointed counsel to represent him, and counsel filed a supplement on his behalf in March 2026.  (Doc. 136.)  He requests a sentence reduction under 18 U.S.C. 3582(c)(1)(A)(i), based on his health.  (*Id.*)  He began to experience a loss of vision in 2022, during his incarceration, and he was diagnosed with end-stage open angle glaucoma in his left eye.  (*Id.* at 8.)  He is permanently blind in his left eye, and his vision in his right eye is declining.  (*Id.* at 9.)  He is taking "multiple glaucoma medications" to avoid further vision loss.  (*Id.*)  Later, in 2023, after "multiple cardiac events," Sanchez was hospitalized.  (*Id.* at 10.)  He was diagnosed with "third-degree heart block," which required "implantation of a permanent pacemaker."  (*Id.*)  Medical records show that the Bureau of Prisons has monitored and treated Sanchez's conditions since 2023.  (*See id.* at 10–12.)  Most recently, he was examined and received treatment for a variety of health conditions, including those summarized above, in late May 2026.  (*See* Doc. 151 at 2–9.)

The government opposes Sachez's motion.  (Doc. 148)  It argues that he is receiving appropriate healthcare, and it contends that a reduction would not be appropriate under the relevant sentencing factors in any event.  (*See id.* at 1–3.)  Counsel filed a reply on his behalf.  (Doc. 153.)  The Court found oral arguments would not be necessary.

**DISCUSSION**

"A prison sentence, once imposed, usually cannot be modified by the district court." *Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026).  "But Congress has established several narrow exceptions to this rule.  One exception—commonly referred to as 'compassionate release'—permits the court to reduce a term of imprisonment if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court can reduce a prison sentence under this exception only if the defendant has first requested a reduction from the Bureau of Prisons, and only "after considering the factors set forth in section 3553(a) to the extent that they are applicable," along with any applicable policy statements by the U.S. Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).  It is the defendant's burden to "establish his eligibility" for a reduction under § 3582(c)(1)(A). *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

2

Sanchez fulfilled the exhaustion requirement by asking the warden to pursue a sentencing reduction on his behalf.  (*See* Doc. 148 at 1 n.1.)  The first question is thus whether "extraordinary and compelling reasons" warrant a reduction, taking account of the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13.  Sanchez relies on the policy statement in section 1B1.13(b)(1)(B) of the Sentencing Guidelines.  (See Docs. 136 at 7–8, 12–13; 153 at 4–6.)  Under that provision, a defendant's medical condition may be an "extraordinary and compelling" reason for a reduction if the defendant is "suffering from a serious physical or medical condition" that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" and from which he "is not expected to recover."  U.S.S.B. § 1B1.13(b)(1)(B)(ii).  Sanchez relies on this guidance.

Permanent and serious vision impairments can be extraordinary and compelling reasons to reduce a sentence under the Sentencing Commission's policy statement, especially when left untreated.  *See, e.g.*, *United States v. Simpson*, No. 97-02903, 2024 WL 5193853, at *2–3 (S.D. Cal. Dec. 19, 2024) (collecting authority).  But a reduction is not warranted in every case of a defendant with impaired vision.  Federal courts have often denied motions for sentencing reductions based on vision impairments, too.  *See, e.g.*, *United States v. Ortiz-Cervantes*, No. 24-12985, 2025 WL 3772332, at *2 (11th Cir. Dec. 31, 2025); *United States v. Copeland*, No. 21-59, 2025 WL 406826, at *2–3 (S.D. Miss. Feb. 5, 2025) *United States v. Kuresa*, No. 16-00744, 2022 WL 4329966, at *2 (D. Haw. Sept. 19, 2022); *United States v. Gotti*, 433 F. Supp. 3d 613, 616–17, 619 (S.D.N.Y. 2020); *see also United States v. Vargas*, 502 F. Supp. 3d 820, 827–28 (S.D.N.Y. 2020) (finding that a defendant's partial blindness and other conditions would not have justified a sentencing reduction absent the ongoing COVID-19 pandemic).

On the whole, courts have reduced sentences only when defendants have demonstrated that the Bureau of Prisons could not provide necessary care or when delays in care had exacerbated the defendant's condition and corresponding needs for assistance from day to day.  *See, e.g.*, *United States v. Aguilera*, No. 19-01955, 2024 WL 1774009, at *2 (S.D. Cal. Apr. 23, 2024) (noting that the defendant had not received necessary vision treatments for a year); *United States v. Hussain*, No. 19-40, 2023 WL 4529625, at *8 (S.D.N.Y. July 12, 2023) (describing

3

significant delays in glaucoma treatment, forcing the defendant to undergo surgeries and rely on other inmates for day-to-day tasks).  Courts have also considered whether a defendant's impaired vision or other problems will likely prevent him from obtaining the medical care he needs in the future.  *United States v. Lindell*, 517 F. Supp. 3d 1141, 1147–48 (D. Haw. 2021).

Sanchez has not provided evidence of the sorts of difficulties, poor care, or delays that have amounted to extraordinary and compelling reasons in other cases.  He argues simply that his circumstances warrant a reduction because it will be more difficult for him to complete daily tasks and move around within the prison if his vision deteriorates further.  As summarized above, courts have generally denied similar motions, even those filed by defendants with more severe vision impairments.  *See, e.g.*, *Copeland*, 2025 WL 460826, at *3 (collecting authority).  Sanchez has not shown that his cardiac conditions make it more difficult for him to care for his own needs within the prison environment, and his medical records show that he has received regular treatment for both his glaucoma and cardiac condition.

## CONCLUSION

Sanchez has not demonstrated that his medical condition is an extraordinary and compelling reason for a sentencing reduction.  It is not necessary to decide whether a reduction would be appropriate under the sentencing factors in §3553(a).  The motion (Doc. 120) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 25, 2026**

UNITED STATES DISTRICT JUDGE